CRARY v. OTIS ELEVATOR CO.

1. NEGLIGENCE—PROXIMATE CAUSE—PLEADING—EVIDENCE — BURDEN OF PROOF.

   In action by executrix for damages for alleged fatal personal injuries to deceased because of defendant's alleged negligence, after defendant had asked that the allegations covering the injuries and cause of death be made more definite and an . amended declaration was filed in which causation was traced from injury to right leg, phlebitis and fatal coronary thrombosis, plaintiff was required to show that death was caused by coronary thrombosis in order to recover damages therefor.

2. SAME—PROXIMATE CAUSE—LEG INJURIES—PHLEBITIS—CORONARY THROMBOSIS—INSTRUCTIONS—DAMAGES.

   In action for alleged fatal injuries to deceased because of defendant's alleged negligence, where plaintiff's declaration alleged that injuries to deceased's right leg resulted in phlebitis which in turn caused coronary thrombosis and there was a paucity of evidence as to the cause of death, as well as evidence that such injuries could not possibly have caused coronary thrombosis from which death may have ensued, instruction that if jury found death was due to coronary thrombosis but that the injuries received did not cause it then defendant was not responsible for the death nor future or prospective damages held, proper.

3. DAMAGES—PAIN AND SUFFERING—HOSPITAL AND MEDICAL EXPENSES—DEATH—ADEQUACY OF VERDICT.

   Verdict of $500 for plaintiff executrix in her action against elevator company for injuries alleged to have caused death of her decedent held, not inadequate, nor against the great weight of the evidence, where evidence was such as to permit jury to find defendant responsible for damages resulting from pain, suffering, hospital and medical expenses but that coronary thrombosis from which it was claimed death resulted was not caused by injuries to right leg.

4. Jury—Prejudice of Juror—Voir Dire.

> Fact that deceased had at one time appraised property damage for a juror which angered him *held*, insufficient cause to set aside an alleged inadequate verdict where juror on *voir dire* claimed there was no reason why he could not render a fair and impartial verdict and stated he had no feeling or prejudice in action for fatal injuries alleged to have been due to defendant's negligence.

Appeal from Jackson; Simpson (John), J. Submitted January 11, 1940. (Docket No. 27, Calendar No. 40,854.) . Decided March 15, 1940.

Case by Jessie Crary, executrix of the estate of Charles Crary, deceased, against Otis Elevator Company, a corporation, for damages for personal injuries sustained when struck by a plank and allegedly causing death of plaintiff's decedent. From verdict and judgment for plaintiff in an alleged insufficient amount, she appeals. Affirmed.

*Blackman & Blackman,* for plaintiff.

*Bisbee, McKone, Badgley & Kendall,* for defendant.

McAllister, J. On August 17, 1937, defendant company was installing machinery in an office building and was engaged in lowering a controller, weighing approximately one-half ton, into the basement of the building. Defendant's employees were sliding it into a landing opening off the hall of the building, and then down planks which had been placed on the stairs beyond the landing. While the controller was being moved to the head of the stairs, a rope was tied to it and wound around a plank in order to ease it down the stairs. The machine started to slide, and the man who was to hold the rope let loose. He was

to have placed his foot against the plank, but he did not do so. Plaintiff's decedent was standing near, and the plank struck his foot and caught it against the door jam. As a result, his leg was injured, a sore resulted which did not heal, and after having it drained at the hospital, he returned home. He died suddenly—about seven weeks after the accident —while he was still suffering from the injury. Suit was commenced, alleging that death was caused by coronary thrombosis, resulting from the injury, through defendant's negligence. The jury returned a verdict of $500. Plaintiff appeals on grounds of inadequacy of the verdict, misconduct of a juror, misdirection of the jury by the court, and that the verdict is against the greater weight or preponderance of the evidence.

Plaintiff's theory was that a blood clot from the injured leg caused coronary thrombosis, resulting in death. Defendant presented evidence that it was impossible for a blood clot from the leg to clog the coronary artery; that the blood stream from the leg would first go to the right side of the heart, thence to the lungs through the microscopic capillary tubes of the lungs, thence to the left side of the heart, and thence into the coronary artery. Dr. Kudner, a witness for defendant, testified as follows:

"No blood clot can go from the right side of the heart to the left side of the heart without going through the lungs, and in the lungs there is this capillary filter, which would filter out any blood clot. That is why it is impossible for a clot to go from the leg to the left side of the heart or to the coronary arteries which comes off the aorta just outside the heart."

Further medical testimony was to the same effect.

The instruction of the court, upon which plaintiff assigns error, is as follows:

"I further instruct you, members of the jury, that the plaintiff claims that Mr. Crary died from coronary thrombosis. I instruct you that if you find by the evidence that Mr. Crary did die of coronary thrombosis, as is claimed by the plaintiff, and that this injury that he is alleged to have received on this day in question did not cause said coronary thrombosis, then the defendant is not responsible for his death, and you should not consider any future or prospective damages."

Counsel for plaintiff contend that because there was testimony of medical witnesses that plaintiff's decedent's death was caused by a clot, and that such clot may have caused death in some way other than by coronary thrombosis, that plaintiff is not bound to show that death was caused by coronary thrombosis.

When plaintiff's declaration was first filed, defendant asked that the allegations covering the injuries and cause of death be made more definite, and as a result, an amendment to the declaration was filed, setting forth that plaintiff's intestate received severe and permanent injuries to his legs, hips, and hands, "and especially the right leg, which injury or wound became infected and refused to heal, resulting in the development of a phlebitis, which, in turn, resulted in death by congestion of the coronary artery, to-wit: coronary thrombosis, and that as a result of, and in consequences of said injuries, plaintiff's intestate died."

Under these circumstances, we are of the opinion that, in accordance with the declaration and theory of the case, plaintiff was required to show that death was caused by coronary thrombosis. There was a paucity of evidence as to the cause of death of plain-

tiff's decedent. Plaintiff's most important evidence on this point was the testimony of Dr. Lewis, who last saw the deceased October 3, 1937. Mr. Crary died on October 7, 1937. There was no autopsy. Dr. Lewis testified:

"*Q.* Do you know what caused his death?

"*A.* My opinion was that his death was caused by a blood clot originating in the vein of his leg. This blood clot could lodge in any of the vital centers, heart, brain or lungs. I felt at the time it probably hit the coronary arteries in the heart.

"*Mr. Badgley:* I ask to have that stricken, your honor, for the same reason: in other words he is testifying as to the cause of death without exact, competent foundation for the opinion which he has given. He never saw him for three days before he died, made no autopsy; purely speculative.

"*The Court:* Well, it may stand for what it is worth."

In his final offer of proof, plaintiff's counsel addressed the court as follows:

"*Mr. Blackman:* What I want to offer to show, to prove, is that he did have the symptoms which Doctor Corley and Doctor Kudner have shown to be the symptoms of coronary thrombosis. * * * You admit he died from coronary thrombosis?

"*Mr. Badgley:* We admit nothing.

"*Mr. Blackman:* If you do, that is all I care for."

Under the foregoing, the trial court was justified in giving the instruction, now complained of. If plaintiff's decedent died of coronary thrombosis not caused by the injury, there would still remain the elements of damage of pain, suffering, hospital and medical expenses. The jury apparently concluded that if decedent's death was caused by coronary thrombosis, it was not as a result of the injury; but, nevertheless, awarded damages for the injury it-

self. If such were the case, we cannot say that the damages were inadequate nor that the verdict was against the great weight of the evidence.

Error is assigned on the ground of a false answer made by a juror on his *voir dire* examination. It is claimed that such juror was asked whether there was any reason why he could not render a fair and impartial verdict, to which he answered negatively; and as to whether he had any feeling or prejudice, he answered that he had none. Plaintiff claims that previously such juror had been angered with plaintiff's decedent because of some appraisal of property damage by Mr. Crary. This circumstance certainly cannot be said to be proof that the juror in question answered falsely on the *voir dire,* nor to show that he was prejudiced against plaintiff's claim on the trial.

Judgment affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.